# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

### CASE NO. 8:26-CV-01381-WFJ-AEP

ANTONDRA EPPS,

        Plaintiff,

v.

EQUIFAX INFORMATION SERVICES,
LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., and TRANS
UNION, LLC,

        Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Experian Information Solutions, Inc. ("Experian") and Trans Union LLC ("Trans Union") (collectively the "CRA Defendants"), by and through their undersigned counsel, hereby file their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and state as follows in support thereof:

## PRELIMINARY STATEMENT

In her Complaint, Plaintiff Antondra Epps ("Plaintiff") vaguely alleges the CRA Defendants negligently and willfully violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") because the consumer disclosures they provided her at some unidentified date(s) purportedly omitted "significant amounts of

information" contained in her consumer file, including the current balance (as to Trans Union only), date of first delinquency (as to Experian only), full account numbers, complete account information, and complete payment history, for "one or more accounts." ECF No. 1 at ¶¶ 14, 17, 18, 38, 39, 59, 60, 68, 69. Plaintiff also vaguely alleges that Experian and Trans Union failed to report a dispute notation on an account or accounts and exhibited "missing payment history errors" on unspecified disclosures. (ECF No. 1 ¶¶ 55, 77–78).

Plaintiff's Complaint is most notable for what it omits. It does not identify the date upon which Plaintiff requested her disclosures. It does not identify the date upon which Plaintiff received her disclosures. It does not identify the accounts for which information was purportedly omitted from her disclosure. It does not identify any information about the accounts for which the CRA Defendants purportedly failed to report a dispute notation.

Rather, Plaintiff's claims for negligent and willful violations of 15 U.S.C. §§ 1681g and 1681e(b) are entirely grounded upon vague and conclusory allegations in what amounts to nothing more than a lackadaisical attempt to cash in on the throng of § 1681g claims the plaintiffs' bar is currently bringing against credit reporting agencies. And her 1681i(c) claim against the CRA Defendants is too vague to decipher. This is insufficient as a matter of law and this Court should dismiss the Complaint with prejudice.

2

## THE COMPLAINT'S ALLEGATIONS

In her six-count cookie-cutter complaint[1] asserting claims for negligent and willful violations of 15 U.S.C. §§ 1681g and 1681e(b), Plaintiff alleges that, on some indeterminate date(s), she requested copies of her "consumer credit disclosure" from the CRA Defendants and in response received electronic copies of her "Consumer Disclosure" which purportedly omitted "significant amounts of information" contained within her credit files with the CRA Defendants for "one or more accounts." ECF No. 1 at ¶¶ 14, 17, 18, 38, 39, 59, 60, 68, 69.

Among the information Plaintiff vaguely alleges Experian did not include in her disclosure were:

- "[O]ne or more accounts being reported in which Experian's Disclosure omitted the Date of First Delinquency ('DOFD') for the account(s) at issue," ECF No. 1 ¶ 39;

---

[1] Plaintiff's counsel has filed eighteen substantially similar, purposefully vague complaints in the U.S. District Courts for the Middle and Southern Districts of Florida. *See Belvin v. Equifax Info. Servs., LLC*, No. 8:26-cv-01352 (M.D. Fla.); *Bryant v. Experian Info. Solns., Inc. et al.*, No. 8:26-cv-01374 (M.D. Fla.); *Cetoute v. Experian Info. Solns., Inc. et al.*, No. 26-cv-61373 (S.D. Fla.); *Davis v. Experian Info. Solns., Inc. et al.*, No. 8:26-cv-01379 (M.D. Fla.); *Domino v. Experian Info. Solns., Inc. et al.*, No. 8:26-cv-01375 (M.D. Fla.); *Driver v. Experian Info. Solns., Inc.*, No. 8:26-cv-01376 (M.D. Fla.); *Epps v. Equifax Info. Servs., LLC et al.,* No. 8:26-cv-01381 (M.D. Fla.); *James v. Equifax Info. Services, LLC et al.*, No. 8:26-cv-01382 (M.D. Fla.); *Joseph v. Equifax Info. Servs., LLC*, No. 1:26-cv-23218 (S.D. Fla.); *Johnson v. Equifax Info. Servs., LLC et al.*, No. 8:26-cv-01350 (M.D. Fla.); *Jones v. Equifax Info. Servs., LLC et al.*, No. 26-cv-14152 (S.D. Fla.); *Kates v. Experian Info. Solns., Inc. et al.*, No. 8:26-cv-01378 (M.D. Fla.); *Papouloute v. Equifax Info. Servs., LLC*, No. 0:26-cv-61365 (S.D. Fla.); *Taylor v. Equifax Info. Servs., LLC et al.*, No. 8:26-cv-01380 (M.D. Fla.); *Thompson v. Equifax Info. Servs., LLC*, No. 1:26-cv-23219 (S.D. Fla.); *Tunsill v. Equifax Info. Servs., LLC et al.*, No. 3:26-cv-01199 (M.D. Fla.); *Walker v. Equifax Info. Servs., LLC et al.*, No. 8:26-cv-01351 (M.D. Fla.); *Wolfe v. Equifax Info. Servs., LLC et al.*, No. 2:26-cv-14153 (S.D. Fla.).

3

- "[F]ull account numbers, complete account information, complete payment history, and the date of first delinquency for additional accounts," ECF No. 1 at ¶ 68; and

Among the information Plaintiff vaguely alleges Trans Union did not include in her disclosure were:

- The "current balance for one or more accounts;" ECF No. 1 at ¶ 60; and

- "[F]ull account numbers, complete account information, complete payment history, and the current balance for additional accounts," ECF No. 1 at ¶ 69.

Despite complaining about the purported informational injury caused by this allegedly missing information, Plaintiff fails to identify the accounts from which this information is missing in the CRA Defendants' disclosures. *See generally* ECF No. 1. Likewise, Plaintiff fails to identify a single account that is being reported inaccurately or for which the CRA Defendants failed to report a dispute notation. Nor does she plead any facts by which the CRA Defendants could identify them. Instead, Plaintiff wholly relies upon generalized, vague, and conclusory allegations to support her claims for violation of the FCRA.

Plaintiff further alleges that, as a result of this allegedly missing information, "[o]n one or more occasions during the relevant period, one or more third parties, including but not limited to prospective creditors, lenders, employers, landlords, and/or other permissible purposes users, obtained and reviewed consumer reports prepared and furnished by one or more Defendants regarding Plaintiff." ECF No. 1

4

at ¶ 96. Plaintiff contends that she suffered actual damages, "including but not limited to denial of credit, denial of employment, denial of housing, receipt of less favorable credit terms and interest rates, damage to creditworthiness and reputation, and other economic and non-economic harm in an amount to be proven at trial." *Id.* at ¶ 97.

As with her factual averments supporting her claims for relief, Plaintiff pleads only generalized, vague, and conclusory allegations of harm. She does not identify a single third party that purportedly received an inaccurate consumer report from any of the CRA Defendants. Nor does she identify any *facts* supporting her generalized allegations of harm. This Court should dismiss Plaintiff's complaint with prejudice.

## <u>LEGAL STANDARD</u>

To withstand a motion to dismiss Plaintiff must allege *facts* supporting the essential elements of each of her claims. Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And, Plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550

5

U.S. at 555). "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Iqbal*, 556 U.S. at 686.

And while this Court should accept all well-pleaded facts in the complaint as true and draw all inferences in the plaintiff's favor, *Craft v. Olszewski*, 428 F. App'x 919, 921 (11th Cir. 2011), the "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for the plaintiff." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (quotations omitted). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations, citations, and alterations omitted).

As explained below, Plaintiff's Complaint cannot clear this low hurdle, and this Court should dismiss the Complaint with prejudice.

**ARGUMENT**

**I.     Plaintiff's Complaint fails to state a claim for violation of 15 U.S.C. § 1681g.**

Section 1681g(a) of the FCRA requires consumer reporting agencies ("CRAs") to "clearly and accurately" disclose to the consumer "[a]ll information in the consumer's file at the time of the request," with certain exceptions. *See* 15 U.S.C. § 1681g(a). A consumer's "file" includes "all information on that consumer recorded and retained by a reporting agency regardless of how this information is stored." *Id*.

To state a claim under § 1681g of the FCRA, Plaintiff's Complaint "must specify what information is missing from the disclosure or contain specific facts that the plaintiff relied upon to allege that the defendant did not provide all the information in the consumer's file." *Scott v. Equifax, Inc.*, No. 2:20-cv-2516, 2021 WL 4099007, at *3 (D. Kan. July 23, 2021) (citing *Scott v. Experian Info. Sols., Inc.*, No. 18-CV-60178, 2018 WL 3360754, at *7 (S.D. Fla. June 29, 2018)).

To determine whether a party has violated § 1681g, courts consider whether "the disclosure is understandable to the average consumer." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 754 (9th Cir. 2018) (internal quotation marks and alterations omitted).

Further, Plaintiff alleges no facts to support her allegation that the CRA Defendants did not provide her with the information she requested. Instead, Plaintiff merely regurgitates language from the statute alleging that the CRA Defendants

7

violated § 1681g by failing to "clearly and accurately disclose all information in Plaintiff's file at the time of the request. . . . Specifically, Experian disclosed accounts without providing the Date of First Delinquency and dispute notation, . . . [and] Trans Union disclosed accounts without providing the current balances and dispute notation . . . ." ECF No. 1 at ¶¶ 99–100. Plaintiff, however, does not even attempt to identify the accounts purportedly at issue or the date she received the purportedly offending disclosures. Instead, Plaintiff merely alleges that "Defendants had a legal duty to provide Plaintiff with a clear and accurate disclosure of all information within their respective files at the time of Plaintiff's request, and breached that duty as set forth above." ECF No. 1 at ¶ 106.

But allegations of "missing" information are not sufficient in and of themselves to plausibly plead a § 1681g violation. As a district court recently concluded in *Dotson v. National Consumer Telecommunications and Utility Exchange, Inc.*, "blank fields . . . do not necessarily indicate that [a consumer reporting agency] withheld information in violation of § 1681g," because the consumer reporting agency "does not originate the underlying data." No. CIV-25-1171, 2026 WL 575337 at *3–5 (W.D. Okla. Mar. 2, 2026). If a data furnisher does not provide certain information as it pertains to a particular account, the CRA Defendants would not have that information in the consumer's file at the time of the request and, consequently, cannot disclose that information. Put simply, not every

8

available account field will be filled in for every single account a consumer holds, and the mere existence of blank fields in a consumer disclosure does not render the disclosure incomplete or insufficient under § 1681g.

> Plaintiff makes the conclusory allegations that:
>
> "Experian disclosed accounts without providing the Date of First Delinquency and dispute notation, even though the DOFD and dispute notations were reported by the data furnishers to Experian and maintained in Experian's files[]"; and
>
> "Trans Union disclosed accounts without providing the current balances and dispute notation, even though the current balance and dispute notations were reported by the data furnishers to Trans Union and maintained in Trans Union's files."

ECF No. 1 at ¶¶ 99–100. Plaintiff offers no factual basis for her conclusory averment that the CRA Defendants omitted this information or that the information even exists. *See id.*; *see also Dotson*, 2026 WL 575337, at *3 (dismissing a complaint containing § 1681g allegations under similar circumstances). Indeed, Plaintiff fails to identify the accounts purportedly at issue or the date when she requested or received the consumer disclosure at issue. *See generally* ECF No. 1.

Plaintiff even concedes that she does not know if the furnishers provided the "missing" information to the CRA Defendants. See ECF No. 1 ¶ 40 ("On information and belief, the data furnishers reported the DOFD to Experian . . . ."); ¶ 61 ("Upon information and belief, the furnishers transmitted the current balance information for these tradelines to Trans Union . . ."). "While 'information and

belief' pleading can sometimes survive a motion to dismiss, a plaintiff must allege specific facts sufficient to support a claim. . . . 'Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.'" *Scott*, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) (quoting *Phoenix Entm't Partners, LLC v. Orlando Beer Garden, Inc.*, No. 6:16-cv-80-Orl-31DAB, 2016 WL 1567590, at *5 (M.D. Fla. Mar. 30, 2016)).

To the extent Plaintiff alleges that failure to disclose the full account numbers of unidentified tradelines violates the FCRA, the FCRA does not expressly mandate disclosure of full account numbers. While recent court decisions have been divided on the issue, a number of courts have recognized that a truncated account number is not incomplete information and is reasonable as matter of law. *See Dotson*, 2026 WL 575337, at *3–4 (granting a CRA's motion to dismiss and agreeing that "holding a credit reporting agency liable for reporting a . . . truncated account number that a creditor furnished would lead to absurd results, especially if the credit reporting agency did not know that the creditor furnished it with such an account number") (quotation omitted); *Whitaker v. Trans Union Corp.*, No. CV 03-2551-GTV, 2005 WL 8160827, at *20 (D. Kan. Feb. 3, 2005) (determining "that, as a matter of law, scrambling or truncating a consumer's account number is a reasonable procedure to protect the consumer's information from potential identity theft" and that "[t]he

10

possibility of holding a credit reporting agency liable for reporting a scrambled or truncated account number that a creditor furnished would lead to absurd results"); *Walker v. Equifax Info. Sols.* [sic], No. 1:21-CV-01045-ELR, 2024 WL 4815355, at *7 (N.D. Ga. Sep. 23, 2024) ("Plaintiff offered no evidence that his credit report actually contained inaccurate or incomplete information … because the account numbers on his credit report simply were not listed in full.") (cleaned up); *see also Lensendro v. TransUnion, LLC*, No. 25-1888-cv, 2026 WL 1781894 (2d. Cir. June 22, 2026) (SUMMARY ORDER) ("[Plaintiff] contends that his credit report is inaccurate because it partially redacted certain information, including account numbers, and because it did not include credit account balances or past due amounts for each month during which his accounts were open. We agree with the District Court that these alleged errors do not render the report 'patently incorrect' or so misleading as 'to have an adverse effect.'").

Plaintiff has not plausibly alleged what, if anything, was not disclosed or was reported in error regarding any specific account. *See generally* ECF No. 1. Instead, Plaintiff offers sweeping, speculative conclusions, without factual support, that information was excluded from her consumer disclosure. Thus, because Plaintiff fails to allege "more than a sheer possibility that a defendant has acted unlawfully," the allegation is merely a conclusory legal statement that this Court is "not bound to accept." *Iqbal*, 556 U.S. at 678. Beyond that, there is no basis for Plaintiff's claim

11

that omitted categories of data like those referenced above make the provided disclosure inaccurate in any way, and it is unreasonable to believe that disclosure is unclear – especially when viewed in its entirety. *See, e.g., Bibbs v. Trans Union LLC*, 43 F.4th 331, 343–44 (3d. Cir. 2022) (the clarity and accuracy of a tradeline must be determined by reviewing the tradeline as a whole, not just a single data entry); *see also Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020) ("[T]he fact that some user somewhere could possibly squint at a report and imagine a reason to think twice about its subject would not render the report objectively misleading.").

Because Plaintiff has failed to meet the pleading standards of *Iqbal* and *Twombly*, and because there is no basis for Plaintiff's claim that the purportedly omitted information renders Plaintiffs' disclosure inaccurate when viewed in its entirety, this Court should dismiss her claim for violation of Section 1681g.

## II.     Plaintiff's Complaint fails to state a claim for violation of 15 U.S.C. § 1681e(b).

Accompanying Plaintiff's claims for violation of Section 1681g are claims that the CRA Defendants negligently and willfully violated Section 1681e(b) because they purportedly failed "to establish and/or follow reasonable procedures to assure maximum possibly accuracy in the preparation of Plaintiff's consumer disclosure. . . . Specifically, Experian systematically failed to reliably integrate and incorporate furnished account data, including the Date of First Delinquency,

12

dispute notation, and complete account information, into the consumer disclosure it prepared, resulting in a prepared disclosure that is incomplete and misleading[,] . . . [and] Trans Union systematically omitted current balance information and dispute notations from consumer disclosures, despite possessing that information and regularly furnishing it to third-party users of consumer reports."  ECF No. 1 at ¶¶ 109–110, 113–114. Plaintiff further alleges that "each Defendant breached [its statutory] duty as set forth above."  ECF No. 1 at ¶ 115.

To state a claim for violation of Section 1681e(b), Plaintiff must first identify an inaccuracy in her credit reporting. *See Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021). More specifically, "a plaintiff must show at least two things: that a consumer report was inaccurate and that the inaccurate report caused him to suffer damages."  *Erickson v. First Advantage Background Servs. Corp.*, 981 F. 3d 1246, 1251 (11th Cir. 2020). "[A]bsent those showings— particularly the inaccurate report—the reasonableness of the reporting agency's procedures turns out not to matter."  *Id*. A report may be considered "accurate" if it is "both factually correct and free from potential for misunderstanding."  *Id.* at 1248. Without allegations identifying how a defendant's reports were inaccurate, a plaintiff's § 1681e(b) claim is subject to dismissal. *See Alexander v. Certegy Check Servs., Inc.*, Case No. 8:16-cv-859-17JSS, 2016 WL 5843176, at *3 (M.D. Fla. Oct. 4, 2016) (to establish a violation of Section 1681e(b), a plaintiff "must

make a threshold showing that the credit reporting agency reported or maintained inaccurate information"); *see also Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1367 (11th Cir. 2024) ("Because [plaintiffs] cannot identify inaccurate or incomplete information . . . provided to the consumer reporting agencies, they cannot prevail [on a FCRA claim].").

Moreover, the fact that certain data is omitted from a report does not necessarily make the report inaccurate. For a report to be inaccurate, it must be misleading. *See Coleman v. Experian Info. Sols., Inc.*, 655 F. Supp. 3d 1285, 1314 (N.D. Ga. 2023). Whether a report is misleading is an "objective measure"; the "fact that some user somewhere could squint at a report and imagine a reason to think twice about its subject would not render the report misleading." *Id.*

Here, Plaintiff vaguely alleges that certain data was missing from unidentified consumer disclosures she received from the CRA Defendants. *See* ECF No. 1 at ¶ 38–39, 60, 68–69. However, Plaintiff does not allege *any* facts supporting her conclusory averment that:

> On one or more occasions during the relevant period, one or more third parties, including but not limited to prospective creditors, lenders, employers, landlords, and/or other permissible purpose users, obtained and reviewed consumer reports prepared and furnished by one or more Defendants regarding Plaintiff. These third parties reviewed consumer reports that contained incomplete, inaccurate, and misleading information as a direct result of Defendants' violations described herein, including but not limited to truncated account numbers, missing original creditor names, missing Date of First Delinquency, and missing current balance information.

14

> As a result of third parties reviewing these deficient consumer reports, Plaintiff suffered actual damages, including but not limited to denial of credit, denial of employment, denial of housing, receipt of less favorable credit terms and interest rates, damage to creditworthiness and reputation, and other economic and non-economic harm in an amount to be proven.

ECF No. 1 at ¶ 96–97. Indeed, she does not identify a single third party who received and reviewed her consumer report or which CRA Defendant allegedly prepared the consumer report. She also does not allege any facts from which one could infer that any creditor was misled by the information contained in, or omitted from, her credit report. *See generally id*. Instead, Plaintiff alleges that the purportedly missing information prevented her from identifying and correcting alleged errors; obstructed her right to dispute inaccurate information; subjected her to frustration, confusion, and delay; and increased her risk of credit denials and exposure to unfavorable credit terms. ECF No. 1 at ¶ 95. Because Plaintiff has failed to specifically identify any inaccuracy, Plaintiff's § 1681e(b) claim must be dismissed for failure to state a claim. *Gordon v. Equifax Info. Servs. LLC*, No. 25-cv-21831-BLOOM/Elfenbein, 2025 WL 2765236, at *3 (S.D. Fla. Sept. 29, 2025) ("Blanket and conclusory assertions that a report was inaccurate are insufficient to satisfy a plaintiff's burden."); *see also Daley v. Trans Union LLC*, No. 23-cv-24329-BLOOM/Torres, 2023 WL 7495089, at *3 (S.D. Fla. Nov. 13, 2023) (dismissing complaint because "Plaintiff's allegations fail factually to allege how Plaintiff's credit report is

inaccurate and makes solely conclusory allegations as to the unreasonableness of Defendants' investigative procedures") (cleaned up).

## III.    Plaintiff cannot state a claim against the CRA Defendants for violation of 15 U.S.C. § 1681i.

A prerequisite to a Section 1681i claim is inaccuracy. *See Holden*, 98 F.4th at 1367 ("Because [plaintiffs] cannot identify inaccurate or incomplete information . . . provided to the consumer reporting agencies, they cannot prevail [on a FCRA claim]."); *see also Alexander*, 2016 WL 5843176, at *3 (M.D. Fla. Oct. 4, 2016) (to establish a violation of Section 1681i, "a plaintiff must make a threshold showing that the credit reporting agency reported or maintained inaccurate information"); *Davidson v. Capital One, N.A.*, No. 14–20478–CIV, 2014 WL 6682532, at *4 (S.D. Fla. Nov. 25, 2014) ("[T]o interpret the FCRA to create liability for the failure to conduct a reasonable investigation when the disputed information is accurate would do violence to the primary goal of the FCRA: to promote the accurate reporting of credit information to CRAs.").

Where, as here, a consumer fails to satisfy their initial burden to establish an actionable inaccuracy, the court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency, nor the reasonableness of any reinvestigations. *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944–45 (11th Cir. 2021) ("Before addressing whether Experian's report-preparation procedures and reinvestigation were reasonable, a prefatory matter: Has [plaintiff] shown that his

16

file contained, or that Experian reported, factually inaccurate information?").

Here, Plaintiff has not identified a single inaccuracy and her FCRA claims fail for that reason alone. But beyond that, Plaintiff has not identified a single account for which the CRA Defendants failed to report a dispute notation. This is insufficient under the requirements of *Iqbal* and *Twombly*. Accordingly, Plaintiff cannot state a claim for violation of Section 1681i(c).

**IV.    Plaintiff cannot state a claim for willful violation of the FCRA because she fails to plausibly allege that the CRA Defendants acted with a conscious disregard of her rights pursuant to the FCRA.**

Even if Plaintiff could show that one or more of the CRA Defendants violated the FCRA, which she cannot for the reasons set forth above, Plaintiff's claim for statutory and/or punitive damages still fails because Plaintiff has not plausibly alleged that any of the CRA Defendants' alleged violations were willful. *See* 15 U.S.C. § 1681n. To establish willfulness, Plaintiff carries the burden of showing that the CRA Defendants knowingly and intentionally committed an act in conscious disregard for Plaintiff's rights.[2] *See Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57–58 (2007). In addition, only defendants who engaged in willful misrepresentations have committed a willful violation of the FCRA and are subject to liability under § 1681n. *See Stevenson v. TRW, Inc.,* 987 F.2d 288, 294 (5th Cir.

---

[2] According to *Safeco*, conduct is reckless if it is a violation under a *reasonable* reading of the FCRA's terms *and* the conduct presents an unjustifiably high risk of violating the FCRA that is so obvious that the defendant should have known its conduct violated the law. *See Safeco*, 551 U.S. at 69-70.

17

1993); *see also Cushman v. Trans Union Corp.,* 115 F.3d 220, 226 (3d Cir. 1997). There is no such allegation here. Thus, Plaintiff's willful-violation claim should be dismissed. *See, e.g.*, *Saint-Cyr v. Equifax Info. Servs., LLC*, No. 1:24-CV-3127-TRJ-CMS, 2025 WL 432832, at *6 (N.D. Ga. Jan. 8, 2025), *report and recommendation adopted*, 2025 WL 945581 (N.D. Ga. Feb. 13, 2025) ("The allegations are insufficient to state a plausible claim for a willful or reckless violation of the FCRA, because they fail to allege facts showing how Equifax acted willfully or recklessly."). Accordingly, Plaintiff has failed to state a claim for willful violations of the FCRA.

## **CONCLUSION**

WHEREFORE, the CRA Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiff's Complaint and dismiss Plaintiff's Complaint in its entirety and with prejudice, along with such other relief as the Court deems just and proper.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that they have conferred with opposing counsel and opposing counsel does not agree to the relief sought in this motion. The parties conferred via electronic mail.

Dated: June 26, 2026.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**
*Attorneys for Defendant, TransUnion, LLC*
Truist Place
401 E. Jackson Street, Suite 2400
Tampa, Florida 33602-5236
Telephone: (813) 222-8180
Facsimile: (813) 222-8189

*/s/ Christian C. Kohlsaat*
Christian C. Kohlsaat, Esq.
Florida Bar No. 117795
christian.kohlsaat@bipc.com
Meghan E. Fleming, Esq.
Florida Bar No. 1075385
meghan.fleming@bipc.com

*/s/ Maria H. Ruiz*
Maria H. Ruiz
Florida Bar No. 182923
**KASOWITZ LLP**
201 S. Biscayne Blvd., Suite 2550
Miami, FL 33131
Telephone: (786) 587-1044
Facsimile: (305) 675-2601
MRuiz@Kasowitz.com
*Attorneys for Defendant Experian Information Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 26, 2026, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/ Meghan E. Fleming*
Meghan E. Fleming (FBN 1075385)
